John McHolland, Appellant, v. Verna Treadway.—41 S. W. (2d) 375.

Division One, July 28, 1931.

*Tom N. Douglas* and *J. William Cook* for appellant.

*G. Purd Hayes* and *Robert Gideon* for respondent.

GANTT, P. J.—This case came to me on reassignment. Action to recover $500 and a lien for said amount on certain land in Stone County. On change of venue the cause was transferred to Lawrence County. Judgment for defendant, and plaintiff appealed.

It is alleged that plaintiff agreed to pay and defendant agreed to accept $1500 for the land; that plaintiff paid to defendant $500 of said amount; that he tendered to defendant the balance of the purchase price; that defendant refused to accept the same, and refused to deed the land to plaintiff. Wherefore, plaintiff prayed for a judgment lien on said land for $500. The answer was a general denial with a plea that the contract was not in writing and void under the Statute of Frauds. The reply was a general denial.

We assume the appeal was granted to this court on the theory that title to real estate was involved. The question of plaintiff's right to a lien on the land does not involve the title to real estate within the meaning of the Constitution. [Nettleton Bank v. Estate of McGauhey, 318 Mo. 948, 953, 2 S. W. (2d) 771; Utz et al. v. Dormann, 31 S. W. (2d) 991.]

This court is without jurisdiction and the cause should be transferred to the Springfield Court of Appeals. It is so ordered. All concur.